**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TRAVIS BENJAMIN VIGIL,**

**Plaintiff,**

**v.** **Civil Action No. 3:22cv740**

**MRS. MOREFIELD,**

**Defendant.**

**MEMORANDUM OPINION**

Travis Benjamin Vigil, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action in which he alleges that he was denied adequate dental care during his confinement in the Southside Regional Jail (the "Jail").[1] The matter proceeds on his Particularized Complaint. (ECF No. 22.) Mr. Vigil did not set forth specific claims in his Particularized Complaint. Instead, Mr. Vigil provided a brief narrative (ECF No. 22, at 1–2), and then simply reattached the "STATEMENT OF CLAIM" pages from his original Complaint (ECF No. 22, at 3–5). The Court construes Vigil to raise the following claim:

> Claim One: Between December 2020 and October 2022, Defendant Morefield denied Vigil adequate care for his dental needs. (ECF No. 22, at 1, 3–4.)

Mr. Vigil requests monetary damages and a new set of dental implants. (ECF No. 22, at 2.) The matter is before the Court on the Motion for Summary Judgment filed by Mr. Vigil, (ECF No. 37), and the Motion for Summary Judgment filed by Defendant Morefield, (ECF No. 38). Defendant Morefield provided Mr. Vigil with *Roseboro*[2] notice. (ECF No. 38, at 1–2.) Mr.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court also corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Vigil has filed a Memorandum in Opposition ("Response"). (ECF No. 44). For the reasons set forth below, Mr. Vigil's Motion for Summary Judgment, (ECF No. 37), will be DENIED, and Defendant Morefield's Motion for Summary Judgment, (ECF No. 38), will be GRANTED.

## **I. Standard for Summary Judgment**

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the

onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of her Motion for Summary Judgment, Defendant Kimberly Morefield has submitted her own declaration, (ECF No. 39-1); the declaration of Major Brandon Temple, (ECF No. 39-2); and, a November 22, 2022 Memorandum prepared by Major Temple to the Board of Corrections addressing Mr. Vigil's complaints about his dental needs, (ECF No. 39-3).

At this stage, the Court is tasked with assessing whether Mr. Vigil "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Although Mr. Vigil filed a Response to the Motion for Summary Judgment, he failed to submit a sworn statement or affidavit.[3] Mr. Vigil also failed to swear to the contents of his Complaint or Particularized

[3] Mr. Vigil's Response is notarized but there is no indication that the notary administered an oath, and he did not swear to the contents of his response under penalty of perjury. (*See* ECF No. 44, at 3.) In the middle of the Response, Mr. Vigil states: "The Court to accept my motion and facts against Mrs. Morefield that they are true, and all of the information and paperwork I have turned into the Court to the best of my ability." (ECF No. 44, at 1–2.) Once again, this statement is not one made under penalty of perjury.

Even if this Response was properly sworn, that does not transform this submission into admissible evidence. The Court informed Mr. Vigil previously: "[T]he Court will not consider as evidence in opposition to any motion for summary judgment a memorandum of law and facts that is sworn to under penalty of perjury. Rather, any verified allegations must be set forth in a separate document titled 'Affidavit' or 'Sworn Statement,' and reflect that the sworn statements of fact are made on personal knowledge and the affiant is competent to testify on the matters stated therein." (ECF No. 27, at 2.)

Complaint under penalty of perjury. Finally, Mr. Vigil's Motion for Summary Judgment is nothing more than a letter indicating that he "would like to file a motion for a summary judgment." (ECF No. 37, at 1.)[4] While Mr. Vigil also asks the Court "to please go thr[ough] all of my paperwork that I have filed," (ECF No. 44, at 3), the Court has reviewed everything that Mr. Vigil has submitted, and it consists of unsworn allegations that are not evidence and several health request forms and grievances that the Court considers below. (*See* ECF No. 1-1.)

In light of the foregoing submissions and principles, the following facts are established for the Motion for Summary Judgment. All permissible inferences are drawn in favor of Mr. Vigil.

## II. Undisputed Facts

### A. Background for Claim

As a preliminary matter, and because Defendant Morefield does not dispute this basic information, the Court utilizes information supplied by Mr. Vigil in his Particularized Complaint and the Court's docket for background of his claim. Mr. Vigil was presumably a detainee at the Southside Regional Jail from September 24, 2020, until sometime shortly before his sentencing

---

Finally, to the extent that Mr. Vigil raises new allegations about Defendant Morefield in his Response, a plaintiff may not introduce new allegations or new facts in an opposition to a defendant's motion to dismiss. *See Barclay White Skansa, Inc.v. Battelle Mem'l Inst.*, 262 Fed. Appx. 556, 563 (4th Cir. 2008) (explaining that a plaintiff may not amend their complaint through briefs in opposition to a motion for summary judgment); *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, Inc., 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); *Equity in Athletics. Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs").

[4] Mr. Vigil also filed a miscellaneous unsworn letter with argument and different claims then he raised in his Particularized Complaint. (ECF No. 49.) Mr. Vigil may not tack new claims and allegations on to his complaint. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169–70 (E.D. Va. 1981). Mr. Vigil did not seek leave to amend as he must. Accordingly, the new claims will not be considered here.

date, on September 1, 2022. (ECF No. 22, at 3.) On October 19, 2022, Mr. Vigil saw a dentist and he had four teeth pulled. (ECF No. 22, at 4.) By December 12, 2022, Mr. Vigil had been moved into the Virginia Department of Corrections. (*See* ECF No. 4.)

### B. Undisputed Facts

From 2012 until October 2021, Defendant Morefield worked at the Jail as an Emergency Medical Technician ("EMT"). (ECF No. 39-1 ¶ 1.) In her role as EMT, Defendant Morefield responded to emergency medical calls for service in the facility and "was called upon to review and respond to inmate requests and grievances regarding medical services and treatment." (ECF No. 39-1 ¶¶ 4, 9.) Defendant Morefield, in her role as EMT, "would receive, and direct inmate request forms to appropriate medical personnel, but she had no authority to grant or deny medical requests or grievance forms by inmates." (ECF No. 39-2 ¶ 3.)[5] Defendant Morefield also "distribut[ed] over-the-counter medication" to inmates, "under guidelines established by Jail medical professionals." (ECF No. 39-1 ¶ 4.) Defendant Morefield never acted as a health care provider for Mr. Vigil, was not a licensed practicing nurse, and was not personally involved in Mr. Vigil's dental care. (ECF No. 39-2 ¶ 3.) During her time as an EMT, Defendant Morefield "did not receive any requests or grievances [from Mr. Vigil] requesting access to specialized dental providers." (ECF No. 39-1 ¶ 22.)

After October 2021, Defendant Morefield became the Prison Rape Elimination Act ("PREA") coordinator. (ECF No. 39-1 ¶ 1.) She remained in this role until July 2023, and by that time, Mr. Vigil had been transferred to a different facility. (ECF No. 39-1 ¶ 1; *see* ECF 4.)

---

[5] Defendant Morefield states: "I did not approve or deny requests or grievances for medical or dental treatment that were processed by me while I was serving as an EMT." (ECF No. 39-2 ¶ 4.) This statement is confusing. Based on Major Temple's declaration, it appears that Defendant Morefield means that she had no authority to grant or deny medical requests or grievances, but simply processed these forms.

In her role as PREA coordinator, Defendant Morefield no longer served as an EMT. (ECF No. 39-1 ¶ 4). At that point, Defendant Morefield did "not review and respond to inmate requests and grievances regarding medical services and treatment and ha[d] no role in medical or dental care at the Jail." (ECF No. 39-1 ¶ 10.)

In any of her roles at the Jail, Defendant Morefield did "not prescribe medications or dictate institutional policies and protocols for the delivery of medical services to inmates at the Jail." (ECF No. 39-1 ¶¶ 7–8.)

On July 26, 2022, Mr. Vigil had a medical screening with the new Jail doctor. (ECF No. 39-3, at 1.) On August 17, 2022, Mr. Vigil submitted his first Medical Request for complaints about his teeth. (ECF No. 39-3, at 1.) On October 19, 2022, and again on October 25, 2022, Mr. Vigil saw an outside dentist. (ECF No. 39-3, at 1.) Because of the amount of dental work Mr. Vigil needed, the dentist indicated that he needed to return for another appointment. (ECF No. 39-3, at 1.) At the time of Mr. Vigil's inmate requests and grievances that he filed with his original Complaint, which stem from September 19, 2022, until November 13, 2022, (*see* ECF No. 1-1, at 2–8), Defendant Morefield no longer worked as a member of the facility medical staff. (ECF No. 39-1 ¶ 17.) Defendant Morefield avers that Mr. Vigil, "[a]t no time ma[de her] aware of a dental need, concern, or issue though any form of communication." (ECF No. 39-1 ¶ 17.)

## III. Analysis

### A. Fourteenth Amendment Principles

Mr. Vigil's complaints about the denial of dental care stems from approximately December of 2020[6] until Mr. Vigil saw a dentist on October 19, 2022. (*See* ECF No. 22, at 3–4.) Mr. Vigil was not sentenced until September 1, 2022. (ECF No. 22, at 3.) Therefore, Mr. Vigil was a pretrial detainee when most of his complaints arose. Because Mr. Vigil "was a 'pretrial detainee and not a convicted prisoner,' the Fourteenth Amendment, and not the Eighth Amendment, governs his claim[s]." *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). In the wake of *Kingsley*, the United States Court of Appeals for the Fourth Circuit recently clarified what pretrial detainees must demonstrate with respect to claims alleging that jail officials failed to appropriately respond to their medical needs. *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). Specifically, pretrial detainees must demonstrate:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Id.* The Fourth Circuit explained:

> The objective test we adopt today differs from our prior subjective test in one respect only. The plaintiff no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm. That showing remains sufficient, but it is no longer necessary. Now, it is sufficient that the plaintiff show that the defendant's action or inaction was, in *Kingsley*'s words, "objectively unreasonable," 576 U.S. at 397; that is, the plaintiff must show that the defendant should have known of that condition and that risk, and acted

[6] Mr. Vigil states that "about 2-3 months into [his] stay [he] began to have tooth aches." (ECF No. 1, at 4.) Mr. Vigil indicates that he was booked on September 24, 2020. (ECF No. 1, at 4.)

> accordingly. Or as the Supreme Court put it when describing civil recklessness in *Farmer*, it is enough that the plaintiff show that the defendant acted or failed to act "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known."

*Id.* (parallel citations omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

### B. Defendant Morefield Was Not Personally Involved

In order to survive summary judgment for a claim under 42 U.S.C. § 1983, a plaintiff must "affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Mr. Virgil must demonstrate that Defendant Morefield had "personal knowledge of and involvement" in the alleged constitutional deprivation to establish liability under § 1983. *Id.* Mr. Vigil fails to show that Defendant Morefield was personally involved in the deprivation of his constitutional rights. Mr. Vigil submitted his first inmate request concerning his dental needs on August 17, 2022. (ECF No. 39-3, at 1.) At that time, Defendant Morefield no longer worked in the medical department, had not worked there since October 2021, and she was not aware of and did not process that inmate request. (ECF No. 39-1 ¶ 1.) Even so, Defendant Morefield avers that at no time during her employment at the Southside Regional Jail did Mr. Vigil make her aware of any dental problems that he was experiencing.[7] (ECF No. 39-1 ¶ 18.)

---

[7] Mr. Vigil alleges that Defendant Morefield who "was suppose[d] to be an LPN," "purposely lied about being put on dentist list" and "then would purposely not stop at my cell," and that he "tried to show her the inflammation of the teeth." (ECF No. 22, at 1.) Although these are mere allegations and are not entitled to a presumption of truth, even if true, Defendant Morefield was not a nurse. (ECF No. 39-1 ¶ 11; ECF No. 39-2 ¶ 3.) Defendant Morefield was not the person who would have provided or arranged for any dental care for Mr. Vigil or who would have granted or denied inmate requests asking to see a dentist. (ECF No. 39-2 ¶ 3.) When she served as an EMT until October 2021, her role was simply to distribute medicine and receive and direct inmate request forms and grievances to the appropriate medical personnel.

In sum, Mr. Vigil fails to demonstrate that Defendant Morefield was personally involved in the deprivation of his Fourteenth Amendment rights. Claim One lack merits and will be DISMISSED.

## IV. Conclusion

Mr. Vigil's Motion for Summary Judgment (ECF No. 37) will be DENIED. Defendant Morefield's Motion for Summary Judgment (ECF No. 38) will be GRANTED. Mr. Vigil's claim will be DISMISSED. The action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 6/14/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

(ECF No. 39-2 ¶ 3.) After that point, Defendant Morefield was no longer in the medical department. (ECF No. 39-1 ¶ 1.)

Most of Mr. Vigil's allegations do not involve Defendant Morefield, but instead, complain generally about a lack of dental care and a lost retainer while he was housed in the Southside Regional Jail. (*See* ECF No. 22, at 3–5.) While the Court is sympathetic to Mr. Vigil's complaints about his dental needs, he fails to show how Defendant Morefield was personally involved in the deprivation of his Fourteenth Amendment rights.